## A. B. HUMPHREY CO. v. ARKELIAN et al.

Circuit Court of Appeals, Ninth Circuit.
September 16, 1929.

No. 5715.

750

Chas. E. Townsend and Wm. A. Loftus, both of San Francisco, Cal., for appellant.

W. M. Conley, Philip Conley, and Matthew Conley, all of Fresno, Cal., for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. A. B. Humphrey, in the winter of 1893 and spring of 1894, procured some grape cuttings from the Department of Agriculture at the State University in Berkeley, from grape vines which had been imported by the United States Department of Agriculture from Persia. Beginning in September, 1895, A. B. Humphrey entered into the business of marketing the grapes grown by him from these cuttings under the name "Lady Finger." In July, 1924, he registered the name "Lady Finger" as a trade-mark with the Commissioner of Patents. The grapes are long, slender, firm, and white, and Mr. Humphrey testified that, as soon as he saw the grapes, he was impressed with their resemblance to ladies' fingers, and at once named the grapes "Lady Fingers." The method of using the phrase "Lady Finger" was by rubber stamp impressed upon the lithographed label. It was also used in advertising matter as "Humphrey's Lady Fingers." Later A. B. Humphrey assigned his business of growing and packing grapes to the appellant, who brought suit against the appellee for violation of its trade-mark "Lady Finger" in connection with the packing and selling of this variety of grapes. The appellee also is engaged in growing, packing, and selling grapes, and uses the name "Enchantress" as its trade-name, but in the case of this particular variety of grapes only impressed upon its lithographed labels with a rubber stamp the words "Lady Finger."

Mr. Humphrey, from time to time, gave away cuttings from his grapevines, but always, he claims, with the admonition to the donee that the grapes must not be marketed as "Lady Finger" grapes. It does not appear that he gave them any other name to use for the grapes, or that he knew the grapes by the name of "Rish Baba," now claimed to be the Persian name for this variety of grapes. It appears that those grapes were grown in Dalmatia, in Jugo-Slavia, and that they were known there at least as early as 1889 (and in Turkey as early as 1895) as "Lady Finger" grapes; the phrase, of course, being in the language of the country.

One of the witnesses for the defendant testified that as early as 1897 or 1898 he saw this variety of grape in the Eiseman vineyard near Fresno, and was then told that they were "Lady Fingers." Another witness testified that between 35 and 38 years ago he purchased this variety of grapes from the Marguerita vineyard, and sold them as "Lady Fingers." The defendant Ben H. Arkelian testified with relation to the name "Lady Finger" as follows:

"A. The government lists them on their market report. The county or the state inspection bureau writes certificates and calls them 'Lady Fingers.' Our county horticulturist at Modesto, as well as Bakersfield, insists that we should put the word 'Lady Finger' on the boxes, because they are a 'Lady Finger' grape."

In 1927 the state of California passed an act with reference to the marking, packing, and selling of the fruit, and therein provided, among other things, that boxes containing grapes must be marked with the name of the variety, and designated one of the varieties to be thus named upon the box as "Lady Finger." Stat. 1927, p. 1845, c. 865.

In section 12 of that act it is declared that "it shall be unlawful for any person, firm, company, organization or corporation to pack or cause to be packed, import, sell, offer for sale, deliver for shipment, load, ship or transport any fruits, nuts or vegetables which do not conform with all requirements of this act."

It is provided in section 22 as follows: "* * * For the purpose of this act grape varieties shall be classified as follows: * * * Lady Finger * * * ." (Some 121 varieties are named in the list, including Rish Baba.)

The section then provides for the marking of the packages of grapes with reference to their quality and variety. With

reference to the latter it is provided as follows: "In addition to the markings required above, and those required by section 9 of this act, all containers of grapes shall bear upon them in plain sight and in plain letters on the outside thereof the following: Net weight and name of the variety, provided that the words 'variety unknown,' 'mixed varieties' or the color of the grapes may be marked in lieu of the name of the variety."

By section 37 of this act a violation of any of its provisions is declared to be a misdemeanor, punishable by a fine of not more than $500 and imprisonment for not more than six months. The appellees call attention to this state legislation for the purpose of enforcing their contention that the name "Lady Finger" is a recognized name for the variety of grapes produced by both the appellants and appellees. They do not rely upon the proposition that the appellant is seeking to enjoin the appellees from complying with a criminal law of the state. For that reason we do not base our decision upon that ground. In addition to the use of the name "Lady Finger" in the statute above mentioned, it is also used in Webster's International Dictionary of 1920 as a name for a variety of grape, and also in various California catalogs and price lists introduced in evidence.

It is not contended that there is any effort on the part of the appellants to simulate appellant's labels, or to in any way indicate that the grapes were produced or packed or marketed by appellants, other than by the use of the name "Lady Finger" impressed in its labels by a rubber stamp, indicating the variety of grape contained in the package. The sole question presented is the claim of infringement of appellant's trade-mark "Lady Finger."

The chancellor who tried this case was justified from the evidence in arriving at the conclusion that the name "Lady Finger" was the name of a variety of grape produced in various parts of the world, and that the appellees were entitled, if not required, to use that name in designating the variety of the grape packed and shipped by them, and in denying the appellant relief by injunction. The appellant attacks the credibility of some of appellees' witnesses, and emphasizes the weight of his own rebutting evidence; but the witnesses appeared before the chancellor and testified in his presence, and there is nothing in the record to justify a rejection of their testimony.

Decree affirmed.